```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------
T.R., a minor, by and through his
mother and natural guardian, Shawnita        15 CV 07582 (NRB)
Yon-Rawls,

                Plaintiffs,                  FIRST AMENDED
    -against-                                COMPLAINT

THE CITY OF NEW YORK and NYPD POLICE         Jury Trial Demanded
OFFICERS WILLIAM CONCANNON, (Shield
#23380), NICHOLAS LEVESQUE, (Shield
#15044), SGT. EDWIN CHING, (Shield
#1578), SGT. FRANKLIN BOHR, (Shield
2618), and JOHN DOES NOS. 1, 2, 3,
ETC., (whose identity are unknown but
who are known to be personnel of the
New York City Police Department), all
of whom are sued individually and in
their official capacities,

                Defendants.
-----------------------------------
```

Plaintiffs, T.R., a minor, by and through his mother and natural guardian, Shawnita Yon-Rawls, by their counsel, AARON M. RUBIN, ESQ, hereby allege as follows, upon knowledge as to themselves and their acts, and as to all other matters upon information and belief:

1. Plaintiffs bring this action to recover compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 for violations of their civil rights under the United States Constitution and New York State law caused by the conduct of Defendants.

2. Defendants, WILLIAM CONCANNON, (Shield #23380), NICHOLAS LEVESQUE, (Shield #15044), SGT. EDWIN CHING, (Shield #1578), SGT. FRANKLIN BOHR, (Shield 2618), and unknown John Does, (hereinafter, "Defendant police officers"), are police officers in the New York City Police Department, and the City of New York, which hired, supervised and retained them.

3. On June 26, 2014, Defendant police officers unlawfully seized and arrested T.R., a 16-year old high school student at the time with no criminal record, and falsely charged him with possession of a gun and ammunition that they knew were not his, and which in fact did not belong to him and were not in his possession.

4. Without probable cause, Defendant police officers subjected Plaintiff to intimidation, interrogation, arrest and imprisonment, and provided false statements to prosecutors in the Bronx District Attorney's Office to initiate and perpetuate a prosecution against him.

5. The criminal prosecution was ultimately dropped when all the charges against T.R. were subsequently dismissed approximately nine months later.

6. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their claims brought under New York State law.

8. A notice of claim of Plaintiffs' intent to sue for the violation of their civil rights and false arrest and imprisonment was duly filed with the City of New York on September 24, 2014.

9. Pursuant to New York General Municipal Law § 50-H, the City of New York conducted an examination of T.R. by deposition held on April 22, 2015.

10. To date, the City of New York has not made an offer to settle Plaintiffs' state law claims.

11. Venue is properly laid in the Southern District of New York under 28 U.S.C. §§ 1391(b) and (c) because the incident giving rise to the claims took place in Bronx County and Plaintiffs were and still residents of the Bronx.

12. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

13. At all times relevant to this Complaint, T.R. was an African-American male and citizen of the United States, and resident of Bronx County in the State of New

3

York, where he resides with his mother. T.R. is now 17 years old. T.R.'s mother and natural guardian is Shawnita Yon-Rawls.

14. Defendant police officers are employed by the NYPD and acted under color of state law in the course and scope of their duties and functions as agents, employees and officers of the CITY OF NEW YORK and the New York City Police Department.

15. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. The CITY OF NEW YORK is authorized by law to maintain the New York City Police Department (hereinafter, "NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD, and the employment of its police officers. Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Defendant police officers, who are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

16. This action arises from the false arrest and unlawful imprisonment of T.R. by Defendant police officers who, acting under color of state law, unlawfully detained, searched, arrested and caused the continued incarceration and prosecution of T.R. without justification or probable cause.

17. On or about the evening of June 26, 2014, T.R. was present in his aunt's apartment located in 3 West Farm Square Road, Apartment 8E, Bronx, New York.

18. At that time, Defendant police officers entered Apartment 8E without probable cause or legal justification.

19. Once inside Apartment 8E, Defendant police officers questioned, interrogated and intimidated T.R. without reading him Miranda warnings and without the presence of an attorney or legal justification.

20. T.R. did not possess any gun or any other contraband, or commit any crime or offense.

21. Defendant police officers did not observe T.R. in possession of any gun or any other contraband, or committing any crime or offense.

22. Nevertheless, Defendant police officers seized and arrested T.R. and transported him to the 46th Precinct in handcuffs.

23. At the Precinct, Defendant police officers imprisoned T.R. in a holding cell.

24. Defendant police officers also purposefully denied T.R. any contact with his mother and father, even as his parents contacted the Precinct to request to see or speak with their son.

25. Defendant police officers processed T.R. for arrest, fingerprinted him and charged him with two counts of Criminal Possession of a Weapon in the Second Degree, under New York Penal Law Sections 265.03(1)(b) and 265.03(3), class C felonies, and one count of Criminal Possession of a Weapon in the Third Degree, under Penal Law Section 265.02(8), a class D felony.

26. Defendant police officers subsequently transported T.R. to the custody of the New York City Department of Corrections, where he was held in jail overnight until his arraignment the next afternoon on July 27.

27. Defendant police officers, and in particular, police officer CONCANNON, provided sworn statements that were false to employees of the Bronx County

6

District Attorney's Office to initiate a criminal prosecution against T.R.

28.  Among other things, Defendant police officers, and in particular police officer CONCANNON, provided sworn statements to prosecutors in the Bronx County District Attorney's Office that T.R. possessed a loaded pistol, possessed ammunition, and that the possession took place inside an apartment in 2120 Ryer Avenue in the Bronx.

29.  These statements, among others, were false and Defendant police officers knew them to be false at the time they made them.

30.  In fact, T.R. was not in possession of any firearm and not in possession of any ammunition.

31.  Defendant police officers provided the address of the 46th Precinct, 2120 Ryer Avenue in the Bronx, as the place of occurrence of the alleged crimes.

32.  Defendant police officers provided false statements to prosecutors in an attempt to cover up and justify the fact that they unlawfully arrested and charged T.R. without probable cause or factual basis.

33.  Defendant police officers provided these false statements, and falsely arrested and imprisoned T.R. without probable cause, in an attempt to use the criminal

process to coerce T.R. to give them information about the gun and other crimes about which T.R. had no knowledge.

    34. Based upon the intentionally false statements by the Defendant police officers, members of the Bronx County District Attorney's Office filed a criminal complaint, signed by police officer CONCANNON, against T.R. that charged him with nine crimes, including:  Criminal Possession of a Weapon in the Second Degree, under New York Penal Law Section 265.03(3), a class C felony; two counts of Criminal Possession of a Weapon in the Third Degree, under Penal Law Section 265.02(8), a class D felony; Criminal Possession of a Firearm, under Penal Law Section 265.01-b(1), a class E felony; Criminal Possession of a Weapon in the Fourth Degree, under Penal Law Section 265.01(1), a class A misdemeanor; two counts of possession of an ammunition feeding device, under Administrative Code Section 10-131, a class A misdemeanor; Unlawful Possession of Certain Ammunition Feeding Devices, under Penal Law Section 265.37, a class A misdemeanor; and, Possession of Ammunition, under Administrative Code Section 10-131(1)(3), a class A misdemeanor.

    35. Plaintiffs retained and paid a lawyer to defend T.R. against these charges.

8

36.     T.R. was arraigned in the afternoon of June 27, 2014, and pled not guilty.

37.     T.R. was released on his own recognizance at arraignment, but with the condition of a daily curfew that restricted his freedom and liberty.

38.     Defendant police officers' false statements perpetuated and prolonged the prosecution of T.R.

39.     For instance, T.R. was compelled to make several court appearances over the course of approximately nine months for which he had to miss school in order to attend court with both his father and mother, who were employed full time and who had to miss work to attend court with their son.

40.     Based on Defendant police officers' false statements, an assistant district attorney from the Bronx District Attorney's Office filed a motion and affidavit with Part FA of the Supreme Court of the State of New York on October 8, 2014, requesting an order to compel T.R. to provide a saliva sample "for the purpose of DNA analysis."

41.     T.R., by his retained counsel, opposed the motion on the basis that there was no probable cause to believe that T.R. committed a crime.

42.     In a written decision dated December 13, 2014, the Honorable Raymond L. Bruce, who was presiding in

9

Part FA over T.R.'s criminal case, denied the People's motion for failure to establish probable cause.

43. On March 18, 2015, all of the charges against T.R. were dismissed in Part FA on the request of the Bronx District Attorney's Office.

44. The conduct by the Defendants caused Plaintiffs to suffer loss of liberty, emotional and psychological pain, embarrassment, humiliation, reputational harm, financial loss, and the deprivation of their Constitutional rights.

### PLAINTIFFS' FEDERAL CLAIMS AGAINST DEFENDANT POLICE OFFICERS

45. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

46. In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law to deprive Plaintiffs of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

47. The conduct by Defendants was a direct and proximate cause of Plaintiffs' false arrest, unlawful seizure and imprisonment, and violations of his Constitutional rights, and constituted fabrication of

evidence, malicious prosecution and abuse of process, all in violation of 42 U.S.C. Section 1983.

## PLAINTIFFS' FEDERAL CLAIMS AGAINST CITY OF NEW YORK

48.  Plaintiffs re-allege and incorporate by reference the allegations set forth above.

49.  The City of New York directly caused the Constitutional violations suffered by Plaintiffs.

50.  Upon information and belief, the City of New York was aware that one or all of Defendant police officers were unfit officers who previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

51.  Upon information and belief, despite its knowledge of the Defendant police officers' prior conduct and propensities, the City of New York (a) exercised deliberate indifference by failing to take remedial action, (b) failed to properly train, supervise and discipline Defendant police officers and improperly retained and utilized them, and (c) failed to adequately investigate prior complaints filed against the officers.

52.  The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. Section 1983 and the United States Constitution.

## PLAINTIFFS' STATE LAW CLAIMS
## AGAINST DEFENDANT POLICE OFFICERS

53. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

54. The conduct by Defendant police officers amounted to false arrest, false imprisonment, abuse of process and malicious prosecution in violation of New York state law.

## PLAINTIFFS' STATE LAW CLAIMS
## AGAINST THE CITY OF NEW YORK

55. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

56. Because Defendant police officers were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, false imprisonment, malicious prosecution and abuse of process.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
       April 25, 2016

AARON M. RUBIN
Attorney for Plaintiff

_____
BY: Aaron M. Rubin, Esq.

9 East 40th Street, 11th Floor
New York, New York 10016

(212) 725-4600

aaron.m.rubin@gmail.com